UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CARL LEE HOLLOWAY<br>　　*Defendant*. | No. 1:22-cr-0558-RMB<br><br>**OPINION** |

**APPEARANCES**

CARL L. HOLLOWAY
#55131-509
FCI – FORT DIX
P.O. BOX 2000
JOINT BASE MDL, NJ 08640

　　*Defendant Appearing Pro Se*

JEFFREY BRIAN BENDER
OFFICE OF THE U.S. ATTORNEY
401 MARKET STREET
4TH FLOOR
CAMDEN, NJ 08101

JORDAN MILOWE ANGER
OFFICE OF THE U.S. ATTORNEY
970 BROAD STREET
7TH FLOOR
NEWARK, NJ 07102
　　*Attorneys for United States of America*

**Bumb**, **Chief District Judge**

　　**THIS MATTER** comes before the court upon the Government's Motion to

Turnover Funds (ECF No. 56) and Defendant Carl Lee Holloway's Expedited

Motion to Modify "Proposed" Turnover Order (ECF No. 57). For the reasons set

forth below, the Government's motion will be **GRANTED** and Defendant's Motion will be **DENIED**.

## I. BACKGROUND

On August 17, 2022, Defendant Carl L. Holloway pleaded guilty to a one-count Information charging that from at least as early as June 2021 to on or about July 13, 2021, he knowingly and intentionally conspired and agreed with several other individuals to distribute—and possess with intent to distribute—at least five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance. This conduct occurred in Burlington County, New Jersey and elsewhere, and was in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), as well as 21 U.S.C. § 846.

On May 30, 2023, this Court sentenced Defendant to a term of 120 months, followed by five years of supervised release. (ECF No. 46 at 2, 3.) A fine of $50,000 (plus interest) and Special Assessment of $100.00 were also imposed, to be paid immediately or through the Bureau of Prison's Inmate Financial Responsibility Program (IFRP). (ECF No. 46 at 1, 7.)

Defendant was permitted to surrender on December 4, 2023, at which time he began serving his time at FCI-Fort Dix in New Jersey, where he currently remains.

## II. STANDARD OF REVIEW

Pursuant to 18 U.S.C.S. § 3572,

> A person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless, in the interest

> of justice, the court provides for payment on a date certain or in installments. If the court provides for payment in installments, the installments shall be in equal monthly payments over the period provided by the court, unless the court establishes another schedule.

18 U.S.C.S. § 3572(d)(1).

Further, 18 U.S.C.S. § 3613 provides:

> The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law (including section 207 of the Social Security Act [42 USCS § 407]), a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that—
>
> > (1) property exempt from levy for taxes pursuant to section 6334(a) (1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 [26 USCS § 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12)] shall be exempt from enforcement of the judgment under Federal law;
> >
> > (2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and
> >
> > (3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.

18 U.S.C.S. § 3613(a).

However,

> Only the government may petition for *modification or remission* of a fine upon a showing that reasonable efforts to collect a fine or assessment were not likely to be effective, see United States v. Seale, 20 F.3d 1279, 1286 n.8 (3d Cir. 1994) (discussing exclusive remedy to modify or remit fine under 18 U.S.C. § 3573). But, where the judgment permits payments in installments, the statute authorizes a district court to reschedule a fine payment due to a change in economic circumstances. See generally United States v. Goode, 342 F.3d 741, 743 (7th Cir. 2003).

United States v. Wynn, 328 F. App'x 826, 828 (3d Cir. 2009) (emphasis added).

"Under the IFRP, prison staff 'shall help th[e] inmate develop a financial plan and shall monitor the inmate's progress in meeting' his obligations." McGee v. Martinez, 627 F.3d 933, 936 (3d Cir. 2010) (quoting 28 C.F.R. § 545.11); see also Rodriguez v. Ebbert, Civil Action No. 1:14-CV-01650, 2015 U.S. Dist. LEXIS 107958, at *3 (M.D. Pa. July 8, 2015) ("The Inmate Financial Responsibility Program is a BOP program intended to 'encourage[] each sentenced inmate to meet his or her legitimate financial obligations.' These financial obligations include any fines, court-ordered restitution, and statutory special assessments imposed as part of a federal criminal judgment, as well as any state or local court obligations or any other federal government obligations.") (citations omitted).

By creating and monitoring an inmate's financial plan to pay obligations imposed as part of a criminal judgment, the IFRP serves as a "means of 'executing' the sentence." McGee, 627 F.3d at 936. As such,

> A judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine. Upon receipt of such notice the court may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C.S. § 3572(d)(3).

To that end, the Bureau of Prisons also "monitor[s] the inmate's progress [and] may recalculate or modify the inmate's financial plan[,]" depending upon the financial circumstances of the defendant. Kaplan v. Ortiz, Civ. No. 17-1296, 2018

4

U.S. Dist. LEXIS 51700, at *12 (D.N.J. March 26, 2018) (citing <u>Duronio v. Werlinger</u>, 454 F. App'x 71, 73 (3d Cir. 2011)).

Notably, "[i]f a person obligated to provide restitution, or pay a fine, receives substantial resources from any source . . . during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." <u>United States v. Agarwal</u>, Criminal Action No. 19-770, 2022 U.S. Dist. LEXIS 95463, at *4 (D.N.J. May 27, 2022) (citing 18 U.S.C. § 3664(n)). These "resources" include inheritances, settlements, and judgments. 18 U.S.C. § 3664(n); <u>see</u> <u>also</u> <u>Rodriguez</u>, 2015 U.S. Dist. LEXIS 107958, at *7 (finding personal monetary gifts received by a defendant from outside sources were not exempt "from any IFRP calculation" and were subject to use towards fine imposed at sentencing).

Finally, "18 U.S.C. § 3613A grants substantial discretion to the Court to manage a default on a fine and instructs the Court to consider Defendant's financial circumstances when deciding what action to take." <u>United States v. Abreu</u>, Criminal Action No. 20-642, 2023 U.S. Dist. LEXIS 64892, at *3 (D.N.J. April 13, 2023) (citing 18 U.S.C. § 3613A).

### III.   ANALYSIS

Before entering his plea of guilty in this case, Defendant was clearly informed of his obligation to pay a fine. (ECF Nos. 37 at 1–2 & 40 at 15.) Defendant affirmed that he fully understood his obligations when this Court colloquized him during the plea hearing. (ECF No. 40 at 15.) Later at sentencing, Defendant was offered allocution and elected to speak. (ECF No. 40 at 7.) Defendant apologized for his

conduct, after which time the court questioned him regarding the amount of money he had at his disposal when he committed the crimes. (ECF No. 40 at 8.) Defendant explained that of the $97,600 in cash recovered from his vehicle, $30,000 of it was his own money and he "borrowed" the remainder. (ECF No. 40 at 9.) Defendant further told the court he needed money to "help" his family. (ECF No. 40 at 10.) In view of the information contained in the Presentence Investigation Report and circumstances surrounding the offenses, the court was skeptical of Defendant's purported remorse and truthfulness during allocution. In the end, the court announced the following:

> I will impose the financial disclosure special condition. I will impose the new debt restriction special condition. I will impose the life skills/education specific condition. I will also impose the self-employment business disclosure condition. And if you are court ordered to make child support payments or to make payments to support a person caring for a child, you must make the payments and comply with the other terms of the order. And it's further ordered that you must pay to the United States a fine of $50,000. The fine is due immediately, and it is recommended that you participate in the Bureau of Prisons Inmate Financial Responsibility Program. If you participate in the program, the fine will be repaid from those funds at a rate equivalent to $25 every three months. In the event the fine is not paid prior to the commencement of supervision, you must satisfy the amount due in monthly installments of no less than $200 to commence 30 days after release from confinement.
>
> You must notify the U.S. attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the fine remains unpaid.

(ECF No. 61 at 24.)

In its Motion to Turnover Funds, the Government notes that since the date of Judgment—May 31, 2023—Defendant paid nothing towards the fine. (ECF No. 56

at 1.) The Government also informs the court that at or about the time they filed the instant Motion, Defendant's BOP Inmate Trust Account balance was $2,360.00. (ECF No. 56 at 2.) However, since that time, Defendant submitted his prison account statement, which indicates a $25 payment and a balance of $2,259.35. (ECF No. 57 at 3.)

In his "Expedited Motion," Defendant asks this Court to only use $360.00 towards the fine. (ECF No. 57 at 1.) He claims the remaining money is "extremely necessary with respect to his post-release expenses" and says he needs money to provide for his son. (ECF No. 57 at 2.)[1] The court remains cognizant of the fact that Defendant's current release date is May 25, 2032 and nothing in the Presentence Investigation Report indicates Defendant has been paying child support. (ECF Nos. 43 & 56 at 3.)[2] Moreover, at the time of sentencing, Defendant's net worth was $198,000, with additional rent income expected from various properties he owns. (ECF No. 43, ¶¶ 82 n.1 & 84.)

Defendant further argues his account has already been debited $25 under the IFRP program "to satisfy his court ordered restitution." (ECF No. 57 at 1, ¶ 4.) Defendant was not ordered to pay restitution; he was ordered to pay a $50,000 fine and $100 Special Assessment. (ECF No. 46 at 1, 7.) It is unclear as to whether the

---

[1] To the extent Defendant relies upon United States v. Fischer, Crim. No. 3:17-374, 2021 U.S. Dist. LEXIS 6314 (M.D. Pa. Jan. 13, 2021) in support of his argument, Fischer involved restitution payments that were governed by the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3664.

[2] At the time the Presentence Investigation was finalized (more than one year ago), Defendant's son was 16 years old. (ECF No. 43 ¶ 67.) As such, Defendant's son will reach the age of majority long before Defendant is released from prison.

$25 was applied towards the Special Assessment owed by Defendant, or the fine.[3] Regardless, this Court finds Defendant has the ability to pay more towards the fine he owes. Accordingly, the Government's Motion will be granted to the extent $2,059.35 shall be deducted from Defendant's Inmate Account and applied towards his court-ordered fine. Defendant's Motion will be denied.

## IV.   CONCLUSION

For the foregoing reasons, the Government's Motion to Turnover Funds (ECF No. 56) is GRANTED and Defendant's Motion to Modify "Proposed" Turnover Order (ECF No. 57) will be DENIED.

An accompanying Order shall issue.

Dated:   6/20/24   
Camden, New Jersey

/s/   Renée Marie Bumb   
Renée Marie Bumb, Chief
United States District Judge

---

[3] In its Response to Defendant's Motion, the Government implies the $25 was applied towards Defendant's fine. (ECF No. 59 at 1.)